Justice Thomas,
concurring in the judgment.
I agree with the Court that Kentucky’s differential tax scheme is constitutional. But rather than apply a body of doctrine that “has no basis in the Constitution and has proved unworkable in practice,” I would entirely “discard the Court’s negative Commerce Clause jurisprudence.” United Haulers Assn., Inc. v. Oneida-Herkimer Solid Waste Management Authority, 550 U. S. 330, 349 (2007) (Thomas, J., concurring in judgment). See also American Trucking Assns., Inc. v. Michigan Pub. Serv. Comm’n, 545 U. S. 429, 439 (2005) (same) (“‘“[T]he negative Commerce Clause has no basis in the text of the Constitution, makes little sense, and has proved virtually unworkable in application” ’ ” (quoting Hillside Dairy Inc. v. Lyons, 539 U. S. 59, 68 (2003) (Thomas, J., concurring in part and dissenting in part), in turn quoting Camps Newfound/Owatonna, Inc. v. Town of Harrison, 520 U. S. 564,610 (1997) (Thomas, J., dissenting))). Because Congress’ authority to regulate commerce “among the several States,” U. S. Const., Art. I, § 8, cl. 3, necessarily includes the power “to prevent state regulation of interstate commerce,” United Haulers, supra, at 349 (Thomas, J., concurring in judgment), the text of the Constitution makes clear that the Legislature — not the Judiciary — bears the responsibility of curbing what it perceives as state regulatory burdens on interstate commerce.
As the Court acknowledges, Kentucky’s differential tax scheme is far from unique. Ante, at 331-332. For nearly a century, some States have treated income derived from out-of-state bonds differently than that derived from their in-state counterparts. Ibid. At present, the vast majority of the States do so. Ante, at 335. The practice is thus both longstanding and widespread, yet Congress has refrained from pre-empting it. Cf. New Jersey Realty Title Ins. Co. *362 v. Division of Tax Appeals of N. J., 338 U. S. 665, 671 (1950) (holding that a federal statute exempting interest-bearing obligations of the United States from state and local taxation pre-empted a conflicting state statute). In the “face of [this] congressional silence,” United Haulers, supra, at 352 (Thomas, J., concurring in judgment), we have no authority to invalidate Kentucky’s differential tax scheme. I would reverse the judgment below on that basis.